# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVENSON, | 1:06-cv-01746-AWI-TAG HC |
|     Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | |
| K. PROSPER, | ORDER REQUIRING RESPONSE TO BE FILED WITHIN THIRTY DAYS |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. sec. 2254.

    The instant petition was filed on October 30, 2006, in the United States District Court for the Northern District of California. (Doc. 1-2). On December 4, 2006, the case was transferred to this Court. (Doc. 1). Petitioner alleges that he was denied his constitutional rights by virtue of a sentence imposed in the Stanislaus County Superior Court that involves the double use of a prior conviction.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies and may also have filed his Petition beyond the applicable one-year statute of limitations period. Petitioner's two claims do appear at this point to state cognizable constitutional claims.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on March 21, 2006; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on September 11, 1998, and, although he alleges that he filed a direct appeal, he provides no information regarding the dates, the courts, or the

1  issues that he raised in those appeals.  Therefore, it appears to the Court that the judgment would
2  have become final for purposes of the AEDPA one-year statute of limitations when the state deadline
3  expired for filing his appeal.  Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)(if petitioner
4  does not appeal a state court judgment, the conviction becomes final on the date on which the time
5  for filing such an appeal expired); see also  Lewis v. Mitchell, 173 F.Supp 1057, 1060 (C.D. Cal.
6  2001).  In California, a conviction becomes final sixty days after the superior court proceedings have
7  concluded.  Cal. Rules of Court, rule 31(d); Lewis, 173 F.Supp.2d at 1060.  Thus, Petitioner's
8  conviction would have become final on November 10, 1998.  Petitioner would then have one year
9  from November 10, 1998, or until November 10, 1999, in which to file his federal petition for writ of
10 habeas corpus. The instant case was filed on October 30, 2006, almost seven years after the statute of
11 limitations would have expired.  Thus, unless entitled to applicable tolling, the petition is untimely.
12         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
13 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
14 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See
15 Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one
16 "full round" of collateral review in state court without federal interference.  While the "full round" is
17 properly in progress, the AEDPA's one-year statute is tolled.).   Welch v. Carey, 350 F.3d 1079 (9th
18 Cir. 2003).
19         Petitioner apparently filed state habeas proceedings at each level of the California courts.  His
20 Superior Court petition was denied on November 29, 2005.  His petition in the Fifth Appellate
21 District was denied on September 15, 2005, and his petition in the California Supreme Court was
22 denied on July 26, 2006.  Assuming, arguendo, that all three petitions were properly filed, Petitioner
23 would then be entitled to statutory tolling for the pendency of those three petitions.  The last petition
24 was denied on July 26, 2006, the date on which statutory tolling would have expired.  However,
25 Petitioner does not indicate when he filed the first petition in the Superior Court, the date on which
26 statutory tolling would have begun.  Thus, the Court is unable to determine the amount of tolling to
27 which Petitioner would be entitled under the AEDPA.  It bears noting, however, that, based on the
28 information provided by Petitioner in the petition, he would necessarily have had to have filed the

Superior Court habeas petition prior to November 10, 1999, in order to make the instant petition timely.

While it seems unlikely that the Superior Court of Stanislaus County would have deliberated over a habeas petition for six years, the Court is reluctant to recommend outright dismissal of the case without affording Petitioner an opportunity to provide additional information that may affect the Court's analysis of the timeliness of the petition. In his Response to the Order to Show Cause below, Petitioner should provide the Court with any information, dates, and documents relating to any direct appeal from his conviction and sentence, which would affect when the statute of limitations would have commenced.  Additionally, Petitioner must provide the Court with information regarding when he filed his original state habeas petition in the Superior Court for Stanislaus County so that the Court may determine the amount of statutory tolling to which he is entitled.  Based on the Petitioner's response to this Order to Show Cause, the Court will either issue a Recommendation to dismiss the petition as untimely or order Respondent to file a response.  Failure by Petitioner to timely file a response to this Order to Show Cause will result in a Recommendation to dismiss the petition for failure to obey the Court's orders.

## **ORDER TO SHOW CAUSE**

Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE why the instant petition for writ of habeas corpus should not be dismissed as untimely under the AEDPA.  Petitioner is granted thirty (30) days in which to file a written response.  If Petitioner fails to timely file a response to this Order to Show Cause, or if the response fails to adequately address the issues set forth in this Order to Show Cause, Petitioner is advised that this Court will issue Findings and Recommendations that the Petition be DISMISSED.

IT IS SO ORDERED.

Dated:   **December 7, 2007**                                              **/s/ Theresa A. Goldner**
                                                                       UNITED STATES MAGISTRATE JUDGE