UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT STEVENSON, | ) | 1:06-cv-01746-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS (Doc. 1-2) |
| v. | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| K. PROSPER, | ) | FILED WITHIN FIFTEEN DAYS |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. sec. 2254.

The instant petition was filed on October 30, 2006, in the United States District Court for the Northern District of California. (Doc. 1-2). On December 4, 2006, the matter was transferred to this Court. (Doc. 1). Petitioner alleges that he was denied his constitutional rights by virtue of an improper sentence imposed by the Stanislaus County Superior Court.

On December 10, 2007, the Court issued an Order to Show Cause why the petition should not be dismissed for failure to exhaust state court remedies and for being untimely under the one-year limitation period in 28 U.S.C. § 1144(d). (Doc. 9). The Order to Show Cause provided that Petitioner could file a response within thirty days. Petitioner filed his response on January 14, 2008. (Doc. 10).

**DISCUSSION**

A. Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

1

of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-1044 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations, petitioner has the burden of providing an adequate response).

B.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA.  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320.  The instant petition is subject to the AEDPA because it was filed on October 30, 2006.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on September 11, 1998. In the documents provided in Petitioner's response to the Order to Show Cause, it appears that he filed a direct appeal from his conviction, which concluded with the California Supreme Court's denial of his petition for review on February 23, 2000.[1]  Thus, direct review would conclude on May 23, 2000, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from May 23, 2000, or until May 23, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. The instant case was filed on October 30, 2006, over five years after the statute of limitations would have expired. Thus, unless entitled to applicable tolling, the petition is untimely.

C.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.). Welch v.

---

[1] Although Petitioner's response to the Order to Show Cause did indicate that he had filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("5th DCA"), in case no. F031856, and that he had filed a petition for review with the California Supreme Court, Petitioner's documentation did not indicate the date on which the California Supreme Court denied his petition for review. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, information obtained from the internet website for the California courts, which contains the California court system's records for filings in the Court of Appeal and the California Supreme Court, are subject to judicial notice. The Court takes judicial notice that the petition for review of case no. F031856 was filed on January 20, 2000 in the California Supreme Court as case number S085245, and was denied by the California Supreme Court on February 23, 2000, as reflected in the California court system's electronic court records database.

Carey, 350 F.3d 1079, 1082-1084 (9th Cir. 2003) cert. denied by Welch v. Carey, 541 U.S. 1078, 124 S. Ct. 2423 (2004).

     Petitioner filed state habeas petitions at each level of the California courts. Petitioner's documents indicate that he filed a Superior Court petition on January 18, 2001 that was denied on January 29, 2001, thus entitling him to eleven days of statutory tolling. On March 14, 2001, petitioner filed a state petition in the 5th DCA that was denied on March 29, 2001, thus providing an additional fifteen days of statutory tolling. He also mailed a petition to the California Supreme Court on July 20, 2001 that was denied on December 19, 2001, thus entitled Petitioner to 152 days of statutory tolling. The consequence of this first "round" of state habeas petitions was to toll the running of the one-year limitation period by a total of 178 days. Adding those 178 tolled days to the previous deadline of May 23, 2001, results in a new AEDPA deadline of November 17, 2001.

     Petitioner alleges that he filed a second round of state habeas petitions more recently. His Superior Court petition was denied on April 25, 2005. His petition in the Fifth Appellate District was filed on August 24, 2005 and denied on September 15, 2005, and his petition in the California Supreme Court was filed on September 29, 2005 and denied on July 26, 2006. However, Petitioner does not indicate when he filed the first petition in the Superior Court. It bears noting, however, that, based on the information provided by Petitioner, he would necessarily have had to have filed the Superior Court habeas petition prior to November 17, 2001, in order to make the instant petition timely. While it seems unlikely that the Superior Court of Stanislaus County would have deliberated over a habeas petition for nearly three and one-half years, the Court, reluctant to recommend outright dismissal of the case without affording Petitioner an opportunity to provide additional information that may affect the Court's analysis of the timeliness of the petition, afforded Petitioner the chance to clarify this situation by filing additional documentation to substantiate his entitlement to additional statutory tolling. His documentation included in the response did not indicate when this second Superior Court habeas petition was filed. In light of Petitioner's failure to establish his entitlement to additional statutory tolling, the Court finds that the second "round" of state habeas petitions was commenced subsequent to the expiration of the one-year AEDPA period on November 17, 2001.

///

A petitioner is not entitled to statutory tolling for state petitions filed after the expiration of the one-year period. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Accordingly, Petitioner would not, in any event, be entitled to statutory tolling for his second round of habeas petitions. Therefore, the petition is untimely and should be dismissed.

### D. Duplicative Petition

In addition to the foregoing, Petitioner has previously raised in this Court the identical issue he is now raising in his instant petition. In his response to the Order to Show Cause, Petitioner provided documentation regarding an earlier federal petition filed in this Court. In case no. 1:02-cv-5137-HGB, filed on January 18, 2002, Petitioner contended, inter alia, in Ground Three of that petition that his sentence was illegal because the gun-use enhancement was also an element of the offense and because the aggravated sentence was illegally imposed. On August 5, 2002, the Honorable Hollis G. Best, United States Magistrate Judge, denied that first petition on the merits and entered judgment against Petitioner, holding that Ground Three did not state a federal habeas claim but instead merely raised an issue of state law. (Doc. 17 in case no. 1:02-cv-5137-HGB).

In the instant case, Petitioner describes his claim as follows: "The dual use of enhancement fact as an aggravating factor; the court used the muti-shots [sic] from gun to aggravate the manslaughter conviction for sentencing and then use same shooting to give 12022.5 enhancement personal use of firearm, when aggravating and mitigating must outweigh one another and do not." (Doc. 1-2, p. 6). Petitioner's claim in the instant case is virtually identical to Ground Three in case no. 1:02-cv-5137-HGB, which was rejected by the Court in its August 2, 2002 decision.

Petitioner apparently has the misguided notion that when his claims are rejected by this Court, he may simply repackage and re-present them to another judge of this Court until he obtains the relief he seeks. This is not the case.

As noted above, the instant petition was filed after the enactment of the AEDPA. The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law. See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999) (considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (observing AEDPA contains both aspects). Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the government could demonstrate that the petition constituted an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991). Courts excused an abuse of the writ only if: (1) the applicant could establish cause and prejudice--i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-494, 111 S.Ct. 1454 (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey.

Under AEDPA's "gate-keeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). By filing a second and successive petition raising the same issue without first obtaining permission of the Court, Petitioner has violated this fundamental gate-keeping provision of the AEDPA. On this ground alone, the petition must be dismissed.

However, additionally, because the issue raised in this petition has already been addressed and rejected on the merits by this Court, that prior order is res judicata in this case and binding on this Court. Res judicata, or claim preclusion, as it is commonly known, bars re-litigation in a subsequent action of any claims that were or could have been raised in the earlier action. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981). The res judicata doctrine applies when, as here, there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties. Western Radio Services, Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Issue preclusion bars re-litigation of issues adjudicated and essential to the final judgment of earlier litigation between the parties. Dodd v. Hood River County, 136 F.3d 1219,

1224-1225 (9th Cir. 1998); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir. 1987).  The purpose behind both issue preclusion and claim preclusion is to prevent multiple lawsuits and to enable parties to rely on the finality of adjudications.  Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980).

Here, the issue of whether Petitioner's aggravated sentence was legal and whether the gun-use enhancement was legal have been addressed on the merits adversely to Petitioner in an earlier federal habeas case.  Because the issue is now res judicata, this Court cannot address those issues in this new federal petition.

**RECOMMENDATIONS**

Accordingly, for all of the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1-2), be DISMISSED for violation of the AEDPA's one-year limitation period, as a successive petition, and on grounds of res judicata.

These Findings and Recommendations are submitted to the United States District Judge Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 8, 2008**                    /s/ Theresa A. Goldner
                                              UNITED STATES MAGISTRATE JUDGE